**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BERNICE BARTON, | ) | |
| Plaintiff, | ) | Case No.: 1:23-cv-01692 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF MIDLOTHIAN, a municipal | ) | |
| Corporation, VILLAGE OF MIDLOTHIAN | ) | |
| Sergeant  EDMUND OLMOS STAR NO. #4, | ) | |
| in his individual capacity, | ) | |
| Defendants. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** Plaintiff, BERNICE BARTON, by and through her attorney, Danielle A. Pinkston, of PINKSTON LAW GROUP, P.C., complaining of Defendants, VILLAGE OF MIDLOTHIAN, a municipal corporation, VILLAGE OF MIDLOTHIAN VILLAGE OF MIDLOTHIAN SERGEANT  EDMUND OLMOS, STAR #4. in his individual capacity, stating as follows:

### INTRODUCTION

1. This cause of action is to redress the deprivation of Plaintiff's constitution rights that resulted in personal injuries, to request damages, and prospective injunctive under 42 U.S.C.A. § 1983.

### JURISDICTION & VENUE

2. This court has jurisdiction to adjudicate Plaintiff's claims pursuant to 28 U.S.C.A. §§ 1331, 1343(1)(2)(3)(4), 1367, and 42 U.S.C. § 1983.

3. Part of the acts or omissions giving rise to the Plaintiff's claims occurred in County of Cook, and State of Illinois thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is

1

proper in the Northern District of Illinois, Eastern Division.

## THE PARTIES

4. During all relevant times in this Complaint, Plaintiff, BERNICE BARTON, was and is a United States' citizen, who resides in Cook County, Illinois.

5. Defendant VILLAGE OF MIDLOTHIAN is a local government in Illinois created and existing by virtue of the laws of Illinois. The VILLAGE OF MIDLOTHIAN Police Department is a department of Midlothian. Defendant VILLAGE OF MIDLOTHIAN employs personnel of its Police Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the VILLAGE OF MIDLOTHIAN Police Department. Defendant has established policies and procedures for its Police Department regarding how the use of force, reporting Police Officer misconduct, and other relevant provisions. The acts and/or omissions alleged, were under color of authority, color of state law as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the VILLAGE OF MIDLOTHIAN. Defendant, VILLAGE OF MIDLOTHIAN is liable for the actions of its employees.

6. Defendant VILLAGE OF MIDLOTHIAN Sergeant EDMUND OLMOS STAR # 4 was at all times described an employee of the VILLAGE OF MIDLOTHIAN'S Police Department and was acting within the course and scope of that employment. The Defendant was the agent, employee, servant, partner, and/or co-conspirator of the other Defendant named in this Complaint. In doing the acts and/or omissions alleged, Defendant acted under color of law, and he is being sued in his individual capacity.

### ALLEGATIONS COMMON TO ALL COUNTS

7.  On March 17, 2022 at approximately 6:50 pm, Plaintiff Bernice Barton was present at the Village Chambers, located at 14801 South Pulaski Road in Midlothian, Illinois for a minor traffic citation.

8.  She observed Defendant Village Of Midlothian Police Sergeant Edmund Olmos assault, batter, and otherwise violate the constitutional rights of another male individual.

9.  She left the hearing room and went outside to call the police for assistance at the Village Chambers.

10. Plaintiff walked back into the Village Chambers and Defendant Edmund Olmos told her, "I don't care who you call. I am the head motherfucker in charge here."

11. Defendant Edmund Olmos swung Plaintiff outside the Village Chambers.

12. Plaintiff walked back inside and asked the bailiff if he was going to do anything about what Defendant Edmund Olmos had just done to her.

13. Defendant Edmund Olmos aggressively charged at Plaintiff who was summoned to be at the Village Chambers on that date, grabbed her by her arm, twisted it behind her back and put her in the back of the Village Chambers.

14. Two other police officers went back there and asked Plaintiff what happened.

15. Defendant Edmund Olmos violated Plaintiff's constitutional rights when he assaulted and battered her causing her physical and emotional injuries.

16. Defendant Edmund Olmos violated Plaintiff's civil rights when he seized and detained her without probable cause to believe that she had committed, was committing, or was about to commit a crime and then misled the court about the incident.

17. Defendant Edmund Olmos commenced, continue, and/or played a substantial role in commencing, and continuing the criminal action against Plaintiff.

18. Defendant Edmund Olmos falsely, maliciously willfully, wantonly, and with no basis in fact or truth, stated and/or attested in documents, and reports that Plaintiff committed crimes.

19. Defendant Edmund Olmos provided deliberately false information to the Village Of Midlothian Police Department and Cook County State's Attorney's Office in an effort to have Plaintiff falsely arrested and prosecuted.

20. Plaintiff did not commit the crimes that Defendant Edmund Olmos accused her of.

21. At no time relevant to this Complaint did Defendant Olmos have a reasonable belief or probable cause that Plaintiff committed or was guilty of a crime.

22. On March 17, 2022 Plaintiff was detained and arrested.

23. On March 17, 2022, Sergeant Edmund Olmos, while sworn under oath, deposed, and stated in a misdemeanor complaint that Plaintiff committed trespass to real property.

24. Defendant Edmund Olmos instituted a judicial proceeding against Plaintiff and his actions were made with either "actual malice," with his knowledge that the statements were false, had the purpose of bringing these false charges to vex Plaintiff, and was done so maliciously with ill-will, spite, and/or hatred, or with reckless disregard for whether the statements were true or false.

25. On March 17, 2022, Plaintiff was required to remain in the jail with such persons who were guilty of or charged with a crime for several hours until she was released on an I Bond.

26. On March 25, 2022 a criminal case was filed against Plaintiff.

27. Subsequent to Plaintiff's arrest, Defendant Edmund Olmos and/or other agents of Defendant Village Of Midlothian were otherwise instrumental in Plaintiff being charged

with Criminal Trespass to Real Property, 720 ILCLS 5.0/21-3-A-1 and Resisting/obstruction/PC Off/ Corr, 720 ILCS 5.0/31-1-A in THE PEOPLE OF STATE OF ILLINOIS vs. BERNICE L Barton, Case No. 22600146201, in Circuit Court of Cook County.

28. On April 19, 2022, Bond for Plaintiff was set by Rule of Court.

29. The fact of Plaintiff's arrest and incarceration because of these two (2) counts has become known amongst her family, friends, acquaintances, employer, and the public knowledge of said fact will inescapably become known in the future because of Defendant's malicious and unjustified accusations.

30. On March 7, 2023, Plaintiff's criminal case was set for trial.

31. Instead of proceeding to trial the Assistant States Attorney caused a Nolle Prosequi to be entered for all charges.

32. The criminal proceedings against Plaintiff was terminated in her favor, in a manner indicating her innocence.

33. From the time of Plaintiff's arrest until her acquittal she was forced to appear in court, even if by Zoom Meeting, on numerous occasions.

34. A private citizen filmed some of the incident and posted in on social media.

35. Since it was posted, several people have indicated that Defendant Village Of Midlothian Police Sergeant Edmund Olmos had violated their constitutional rights in the past and some indicated thy are willing to testify about his character.

36. As a result of the Defendant's misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost

employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality have been impaired.

**COUNT I- 42 U.S.C. § 1983 Fourth Amendment Violation**
**(Plaintiff Against Defendant Edmund Olmos)**

37. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

38. As described more fully above, all of the Defendant Village Of Midlothian Sergeant Edmund Olmos, while acting individually, jointly, and/or in conspiracy, as well as under color of law and within the scope of his employment, deprived Plaintiff of hers constitutional rights.

39. In the manner described more fully above, Defendant Edmund Olms individually, jointly, and/or in concert and in conspiracy, caused Plaintiff to be continuously detained and wrongfully imprisoned.

40. The actions by Defendant Edmund Olms in unlawfully searching, falsely detaining, accusing Plaintiff of committing a crime, arresting, and imprisoning her without probable cause, violated Plaintiff's Fourth Amendment rights to be free from unreasonable searches and seizures, pursuant to 42 U.S.C. § 1983.

41. The misconduct of Defendant Edmund Olmos was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiff's clearly established constitutional rights.

42. Absent Defendant Edmund Olmos' aforesaid misconduct including, but not limited to, making of false statements, concealment of exculpatory evidence, and/or the fabrication of evidence, the prosecution of Plaintiff would not have been pursued and Plaintiff

would not have been arrested and jailed.

43. The aforesaid misconduct of Defendant Edmund Olmos directly and proximately resulted in the unjust and wrongful arrest and prosecution of Plaintiff and her wrongful imprisonment.

44. The Defendant's misconduct directly and proximately resulted in the unjust and wrongful detention and wrongful imprisonment of Plaintiff in the absence of probable cause, in violation of the Fourth Amendment to the United States Constitution.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with indifference to Plaintiff's clearly established constitutional rights.

46. As a direct and proximate result of this violation of her constitutional right not to be detained or imprisoned without probable cause, Plaintiff suffered injuries, including but not limited to caused Plaintiff to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality have been impaired.

WHEREFORE, Plaintiff, BERNICE BARTON, prays that judgment be entered against Defendant EDMUND OLMOS for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish Defendant Edmund Olmos and deter others from engaging in similar

misconduct;

C.  Costs of suit;

D.  Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

**COUNT II – 42 U.S.C. § 1983 Violation of Due Process**
**(Plaintiff Against Defendant Edmund Olmos)**

47. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

48. As described more fully above, all of the Defendant Village Of Midlothian Sergeant Edmund Olmos, while acting individually, jointly, and/or in conspiracy, as well as under color of law and within the scope of his employment, deprived Plaintiff of her constitutional right to a fair trial.

49. In the manner described more fully above, the Defendant Edmund Olmos, individually, jointly, and/or in concert, and in conspiracy, fabricated false reports and other evidence, and/or deliberately withheld exculpatory evidence.

50. In doing so, the Defendant Edmund Olmos violated his clearly established duty to report all material exculpatory and impeachment information to prosecutors.

51. Absent Defendant's misconduct, the prosecution of Plaintiff could not and would not have been pursued, and Plaintiff would not have been arrested and jailed.

52. The Defendant's misconduct directly and proximately resulted in the unjust and wrongful criminal conviction of Plaintiff and his continuing wrongful imprisonment,

thereby denying him his constitutional right to a fair trial, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

53. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established constitutional rights.

54. As a direct and proximate result of this violation of his constitutional right not to be detained or imprisoned without probable cause, Plaintiff suffered injuries, including but not limited to caused Plaintiff to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality have been impaired.

WHEREFORE, Plaintiff, BERNICE BARTON, prays that judgment be entered against Defendant EDMUND OLMOS for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each individual in an amount appropriate to punish Defendant Edmund Olmos and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

**COUNT III- 42 U.S.C. § 1983 False Arrest/Unlawful Detention**
**(Plaintiff Against Defendant Edmund Olmos)**

55. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

56. As described more fully above, Defendant Village Of Midlothian Sergeant Edmund Olmos falsely arrested and unlawfully detained Plaintiff without legal justification.

57. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

58. The actions by Defendant Edmund Olmos in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, pursuant to 42 U.S.C. § 1983.

59. The misconduct of Defendant Edmund Olmos was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiff's clearly established constitutional rights.

60. Absent Defendant's aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence (surveillance footage), and/or the fabrication of evidence, the arrest and prosecution of Plaintiff would not have been pursued.

61. The aforesaid misconduct of Defendant Edmund Olmos directly and proximately resulted in the unjust and wrongful arrest and prosecution of Plaintiff and her wrongful imprisonment.

62. Defendant Edmund Olmos' misconduct violated Plaintiff's right to be free from unreasonable seizures as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the Constitution of the United States

63. As a result, Defendant's misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality have been impaired.

WHEREFORE pursuant to 42 U.S.C.A. § 1983, Plaintiff, BERNICE BARTON demands judgment against Defendant EDMUND OLMOS for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against Defendant Edmund Olmos in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. § 2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**COUNT IV: 42 U.S.C. § 1983 Excessive Force**
**(Plaintiff Against Defendant Edmund Olmos)**

64. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

65. The actions of Defendant Village Of Midlothian Sergeant Edmund Olmos constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating her rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

66. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

67. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

68. The misconduct described in this Count was undertaken pursuant to the policy and practice of the in that:

a. As a matter of both policy and practice, the Village Of Midlothian Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Village Of Midlothian Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Village Of Midlothian Police Officers to believe his actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Village Of Midlothian Police Officers accused of excessive force can be confident that the OPS will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c.  Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Village Of Midlothian Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Village Of Midlothian Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.  Municipal policymakers are aware of, and condone and facilitate by his inaction, a "code of silence" in the Village Of Midlothian Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

e.  The Village has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

69. The misconduct described in this Count was caused by Defendant Edmund Olmos in that:

a.  The Village and its Police Department maintained the widespread and settled policy and practice of failing to adequately train, supervise, discipline, and otherwise control its officers. They also knew that the maintenance of these practices would result in preventable police abuse, including the type of unconstitutional abuse inflicted on Plaintiff.

b.  The Village and its Village Police Department oversaw acquiesced in, and even condoned the above-described policies and practices and refused to take steps to correct them.

c.  More specifically, the Village its Police Department caused and participated in the denial of Plaintiff's constitutional rights by, among other things:

    d.  failing to monitor police officers and groups of officers who violate civilians' constitutional rights;

    e.  failing to discipline police officers who violate civilians' constitutional rights; and

    f.  failing to implement an effective early warning system to identify police officers and groups of officers who systematically violate civilians' constitutional rights.

    g.  With respect to the Defendant Sergeant in this case, the Village Police Department knew that the Defendant Sergeant had a practice of committing misconduct similar to that alleged by Plaintiff. Yet, the Village approved, assisted, condoned and/or purposely ignored the Defendant Officer's prior misconduct.

    h.  As such, the Village was at all times material to this Complaint, deliberately indifferent to the rights and safety of Plaintiff.

70. As a result of the unjustified and excessive use of force by Defendant Officer, the actions and inactions of the Village and the Village's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

71. The misconduct described in this Count was undertaken by Defendant Sergeant within the scope of his employment and under color of law such that his employer, Village of Midlothian, is liable for his actions.

72. As a result, Defendant's misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality have been impaired.

WHEREFORE pursuant to 42 U.S.C.A. § 1983, Plaintiff, BERNICE BARTON demands judgment against Defendant EDMUND OLMOS for:

A.  Compensatory damages in an amount to be proven at trial;

B.  Punitive and exemplary damages against each Defendant Edmund Olmos in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C.  Costs of suit;

D.  Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. § 2412 and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

### COUNT V: Malicious Prosecution (State Claim)
### (Plaintiff Against Defendant Edmund Olmos)

73. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

74. By the actions detailed above, at no time relevant to this Complaint did Defendant Village Of Midlothian Sergeant Edmund Olmos have a reasonable belief or probable cause that Plaintiff was guilty of a crime.

75. The Defendant Edmund Olmos played a significant role and accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they made statements with the intent of exerting influence and to institute and continue the judicial proceedings.

76. The Defendant Edmund Olmos caused Plaintiff to be improperly subjected to judicial

proceedings for which there was no probable cause.

77. These judicial proceedings were instituted and continued maliciously, resulting in injury.

78. Statements of the Defendant Edmund Olmos regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured.

79. The Defendant Edmund Olmos fabricated evidence that Plaintiff committed crimes.

80. Defendant Edmund Olmos were aware that, as described more fully above, no true or reliable evidence implicated Plaintiff in the crimes they accused him of committing.

81. Defendant Edmund Olmos intentionally withheld and misrepresented facts that further vitiated probable cause against Plaintiff, as set forth above, and failed to investigate evidence.

82. Defendant Edmund Olmos withheld the facts of his manipulation and the resulting fabrications from Plaintiff.

83. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of Plaintiff.

84. On March 7, 2023, the prosecution terminated in Plaintiff's favor.

85. Absent Defendant Edmund Olmos' misconduct including, but not limited to, making false statements and reports, the prosecution of Plaintiff would not have been pursued, he would not have been arrested, jailed, and forced to hire an attorney to defend him.

86. As a result of this unreasonable use of force, Defendant's misconduct directly and proximately caused Plaintiff to suffer injury including severe and excruciating past and future anxiety, medical expenses, pain and suffering, shock, extreme emotional distress, humiliation, lost employment opportunities, inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and

equanimity, and her overall health, strength, and vitality have been greatly impaired.

WHEREFORE, Plaintiff, BERNICE BARTON demands judgment against Defendant EDMUND OLMOS for:

A. Compensatory damages against each Defendant in an amount to be proven at trial;

B. Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendant Edmund Olmos in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**COUNT VI: Assault And Battery (State Claim)**
**(Plaintiff Against Defendant Edmund Olmos)**

87. Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

88. As described in the preceding paragraphs, the conduct of Defendant Edmund Olmos, acting under color of law and within the scope of his employment, constituted unjustified, harmful and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

89. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

90. The misconduct described in this Court was undertaken by Defendant Edmund Olmos

within the scope of his employment such that his employer, Defendant Village Of Midlothian, is liable for his actions.

WHEREFORE, Plaintiff, BERNICE BARTON demands judgment against Defendant EDMUND OLMOS for:

A. Compensatory damages against each Defendant in an amount to be proven at trial;

B. Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendant Edmund Olmos in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**COUNT VII: Intentional Infliction Of Emotional Distress (State Claim)**
**(Plaintiff Against Defendant Edmund Olmos)**

91. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

92. The acts and conduct of the Defendant Village Of Midlothian Sergeant Edmund Olmos as set forth above were extreme and outrageous.

93. The Defendant's actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

94. As a direct and proximate result of Defendant Village Of Midlothian Sergeant Edmund Olmos, Plaintiff suffered and continues to suffer emotional distress.

WHEREFORE, Plaintiff, BERNICE BARTON demands judgment against Defendant EDMUND OLMOS for:

A. Compensatory damages against each Defendant in an amount to be proven at trial;

B. Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendant Edmund Olmos in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

### COUNT VIII: 745 ILCS 10/9-102 – Indemnification (State Claim)
### (Plaintiff Against Defendant Village Of Midlothian)

95. Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

96. Defendant Village Of Midlothian is the employer of Defendant Village Of Midlothian Sergeant Edmund Olmos.

97. The individually named Defendant Village Of Midlothian Sergeant Edmund Olmos committed the acts alleged above under color of law and in the scope of his employment as employees of The Village of Midlothian.

98. Pursuant to Section 10/9-109 of the Illinois Local Government and Government

Employees Tort Immunity Act, public entities are required to pay any tort judgment for compensatory damages against an employee acting within the scope of his or her employment. 745 ILCS 10/9-102.

99. Therefore, Defendant, Village of Midlothian is liable as employers for any resulting damages or award of attorney's fees.

WHEREFORE, Plaintiff, BERNICE BARTON, demands that, should any individually named Defendant Village Of Midlothian Sergeant Edmund be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant Village Of Midlothian be found liable for any judgment Plaintiff obtains, as well as attorney's fees, and costs awarded.

### COUNT IX: Claim Respondeat Superior (State Claim)
### (Plaintiff Against Defendant Village Of Midlothian)

100.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

101.     In committing the acts alleged in the preceding paragraphs, each of the Defendant Edmund Olmos was an employee and agent of Defendant Village Of Midlothian acting at all relevant times within the scope of his employment and under color of law.

102.     Defendant Village Of Midlothian is liable as principals for all torts committed by its agents.

### JURY DEMAND

Plaintiff, BERNICE BARTON, hereby demands a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 17, 2023

Respectfully submitted,
**PINKSTON LAW GROUP, P.C.**

/s/ Danielle A. Pinkston

_____

54 N. Ottawa St., Ste. 110
Joliet, IL. 60432
(773) 770-4771
dpinkston@pinkstonlawgroup.com
Atty. for Plaintiff: Bernice Barton